IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

**TERRI KWAKE,** an individual and citizen of the State of Oregon,

       Plaintiff,

v.

**SELECT PORTFOLIO SERVICING, INC.,** a Utah Corporation,

       Defendant.

Civ. No. 6:15-cv-01713-MC

TRIAL MANAGEMENT ORDER

**MCSHANE, Judge**:

1.    <u>Pretrial Conference</u>: November 21, 2016, at 9:00a.m. in Judge McShane's Courtroom #2.

2.    <u>4-Day Jury Trial</u>: November 28, 2016, at 9:00a.m. in Judge McShane's Courtroom #2. As noted at the Rule 16 scheduling conference, the trial date is a firm date and will be continued only in unusual and unforeseen circumstances.

3.    <u>Pretrial Material Filing Deadlines</u>:

    a.    **30 days before pretrial conference:**

        (1)    Plaintiff's exhibit lists and judge's copies of exhibits;

        (2)    Plaintiff's lay witness statements and expert reports pursuant to Fed. R. Civ. P. 26, if not previously provided under Rule 26 due to an agreement between the parties or by court order;

1 – TRIAL MANAGEMENT ORDER

    (3)    Pretrial order.

b. **21 days before pretrial conference:**

    (1)    Defendant's exhibit lists and judge's copies of exhibits;

    (2)    Defendant's lay witness statements and expert reports pursuant to Fed. R. Civ. P. 26, if not previously provided under Rule 26 due to an agreement between the parties or by court order;

    (3)    Plaintiff's deposition designations (defendant's deposition designations due two days after plaintiff's submissions);

    (4)    Plaintiff's and defendant's trial memoranda;

    (5)    Plaintiff's and defendant's requested voir dire questions;

    (6)    Plaintiff's and defendant's proposed verdict forms.

    (7)    Plaintiff's and defendant's proposed jury instructions. The parties shall identify and submit all agreed upon instructions as "joint" instructions. If the parties disagree as to the form or content of any instruction, each party may submit, in a separate document from the "joint" instructions, alternate proposed instructions along with a brief analysis (which shall include any relevant legal authority) as to why one instruction should be given over another. Each instruction, including any model instruction, shall be on a separate sheet of paper citing any relevant authority.

c. **14 days before pretrial conference:**

(1) Plaintiff's and defendant's motions in limine;

(2) Plaintiff's and defendant's objections to the other party's exhibits, witnesses, deposition designations, requested voir dire questions, verdict form, and/or jury instructions.

d. **7 days before pretrial conference:**

(1) Responses to motions in limine;

(2) Plaintiff and defendant's responses to objections to exhibits, witnesses, deposition designations, requested voir dire questions, verdict form, and jury instructions.

4. Procedures: The original and one copy of all trial documents shall be filed with the court and copies served on all parties in the manner specified. Each item listed should be a separately captioned and stapled document; do not staple different items together. Failure to comply with the court's deadlines, procedures or instructions may result in the preclusion of such evidence from trial and/or other sanctions as appropriate:

a. **Exhibits and Exhibit Lists**: Plaintiff's exhibits should be numbered and listed starting with "1." Defendant's exhibits should be numbered and listed starting with "201." The case number should be printed on each exhibit sticker. If there are multiple parties or more than 200 exhibits per party, contact Charlene Pew, Courtroom Deputy at *541.431.4105* for number assignments. If any exhibit is replaced by a revised version, the replacement exhibit shall be denoted with a letter suffix (e.g., exhibit 101A would replace exhibit 101) or else with a new

3 – TRIAL MANAGEMENT ORDER

assigned number. The record must be clear regarding which version of an exhibit is being discussed. Photographs, charts, and the like will be individually numbered unless they are of a specific set, in which case they will be given a lead number, with sequential destinations 50a, 50b, etc. Exhibit lists must be complete and reflect all exhibits presented at trial.

Copies of each numbered, copyable exhibit shall be supplied to the court and opposing counsel. Original exhibits shall be submitted at the time of trial in compliance with this order. Both the original and the judge's copies of exhibits shall be three-hole punched and placed into binders with clearly marked index tabs. All staples and clips shall be removed from the copies of the exhibits which are placed in the three-ring binders.

Parties must seek leave of court to file supplemental exhibits after the exhibit deadline set forth above. Any proposed supplemental exhibits must be separately captioned and include a supplemental or revised exhibit list.

b. **Witnesses**:

(1) <u>Lay Witness</u>: List all parties, corporate representatives and other witnesses to be called, showing names and occupations. If the witness will testify consistent with deposition testimony, simply indicate that. If a witness will testify to anything outside of deposition testimony, submit a statement setting forth the complete substance, not just the subject of the testimony. For example, do not say, "The witness will testify about the accident." Say, "The witness will testify that the defendant ran the red light and was going an estimated 30 miles per hour." Testimony at trial will be limited to subject matter identified in the witness statements, absent a showing of just cause for the omission, balanced against any prejudice to the opposing party.

Give a time estimate for the direct testimony of each witness.

(2) <u>Expert Witnesses</u>: Supply a written narrative statement or report of each expert, whether for the case in chief or rebuttal, setting forth qualifications, the substance of any opinions to be expressed in detail, and the facts and data upon which the opinions are based. As with lay witnesses, any subject not covered by the narrative will not be allowed at trial absent a showing of just cause for the omission, balanced against any prejudice to the opposing party.

The requirement for filing expert witness statements for purposes of trial does not replace or supersede a party's obligation to produce pertinent expert disclosure during the discovery phase of proceedings under Fed. R. Civ. P. 26.

(3) <u>Witnesses with Disabilities</u>: *10 days prior to trial*, designate all witnesses, parties or counsel who will be present at trial and who need accommodation for any disability; designate the specific requested accommodation.

c. **Depositions**: Deposition transcripts which are intended solely for possible impeachment purposes need not be filed with the court. Depositions offered in lieu of live testimony must be submitted to the court with those portions sought to be admitted highlighted. Both the originals and court copies must be so highlighted. Should more than one party wish to utilize the same deposition in lieu of live testimony, a single deposition must be submitted jointly by the parties: each party should select a different color and should designate, on the single copy, those portions of the depositions it intends to use.

Deposition transcripts used in lieu of live testimony are generally not considered "exhibits." Such depositions should be numbered and accompanied by a deposition list. If a party

seeks to introduce a deposition transcript as an exhibit, that transcript must be marked and included within the exhibit book.

    d.    **Trial Memoranda**: Provide a brief summary of all material factual and legal contentions along with the elements of each claim and/or defense. Trial memoranda are limited to 35 pages without prior approval.

    e.    **Motions in Limine**: All motions in limine and responses thereto shall be filed in a single document not to exceed 35 pages without leave of court. Separate motions shall be designated as subparts of the single document.

    f.    **Objections to Witnesses or Exhibits**: Objections to witnesses and/or exhibits must be specific and complete and must identify the exhibit or witness. Responses to objections must be sufficiently specific to enable the court to provide a ruling.[1]

    g.    **Jury Instructions and Verdict Forms**: Jury instructions and verdict forms must be submitted to the court in Microsoft Word or other word processor. Submissions may be emailed to Charlene_Pew@ord.uscourts.gov.

5.    <u>Pretrial Conference</u>: During the pretrial conference, be prepared to discuss the following:

    a.    Motions in limine and other objections to witnesses, depositions and exhibits;

    b.    Settlement and/or mediation efforts;

---

[1] Example: Plaintiff objects to exhibit 201 (plaintiff's employment application) on grounds of relevance. Plaintiff has stipulated to the effective date of her employment. Response: Defendant offers this exhibit solely for the limited purpose of establishing that when she applied, plaintiff requested a swing shift assignment. This evidence constitutes impeachment of plaintiff's anticipated direct testimony that her transfer from a day to night shift constituted an adverse action.

6 – TRIAL MANAGEMENT ORDER

c. Anticipated timetable;

d. Courtroom presentations: graphics or exhibits during opening statement; demonstrative evidence (e.g., maps, summaries, models, computer animations, etc.); and equipment needs (e.g., lectern, digital projector, or DVD player);

e. Voir dire questions;

f. Stipulated facts;

g. Other matters that may arise.

6. Compliance: No exhibits or testimony will be received in evidence at trial nor the filing of amended pleadings allowed unless presented in accordance with this order. Late submissions will not be accepted absent a strong showing of good cause.

7. Additional Guidance: Please refer to the Trial Court Guidelines for U.S. District Court of Oregon, on the court's website: **www.ord.uscourts.gov/index.php/attorneys/tutorials-and-practice-tips/trial-court-guidelines.**

IT IS SO ORDERED.

DATED this 31st day of September, 2016.

_____
**Michael J. McShane
United States District Judge**