Amy Edwards, OSB No. 012492
amy.edwards@stoel.com
Crystal S. Chase, OSB No. 093104
crystal.chase@stoel.com
Kennon Scott, OSB No. 144280
kennon.scott@stoel.com
STOEL RIVES LLP
760 SW Ninth Avenue, Suite 3000
Portland, OR  97205
Telephone:  (503) 224-3380
Facsimile:  (503) 220-2480

Attorneys for Defendant Select Portfolio Servicing, Inc.

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

EUGENE DIVISION

| | |
|---|---|
| TERRI KWAKE, an individual and citizen of the State of Oregon,<br><br>Plaintiff,<br><br>v.<br><br>SELECT PORTFOLIO SERVICING, INC.; a Utah Corporation,<br><br>Defendant. | Case No.: 6:15-CV-01713-MC<br><br>DEFENDANT SELECT PORTFOLIO SERVICING, INC.'S OPPOSITION TO PLAINTIFF'S MOTION FOR LEAVE TO AMEND THE COMPLAINT |

**INTRODUCTION**

Plaintiff Terri Kwake ("Plaintiff" or "Borrower") has moved for leave to amend her

existing First Amended Complaint (Dkt. #10) which alleges claims for breach of contract, a

violation of the Real Estate Settlement Procedures Act ("RESPA"), and violation of the Oregon

Page 1    -    DEFENDANT SELECT PORTFOLIO SERVICING, INC.'S OPPOSITION TO
            PLAINTIFF'S MOTION FOR LEAVE TO AMEND THE COMPLAINT

Unlawful Trade Practices Act ("OUTPA").  Plaintiff requests leave to (1) delete her RESPA

claim, and (2) add a claim for common-law fraud.  Defendant Select Portfolio Servicing, Inc.

("SPS") does not oppose the first amendment—dismissal of the RESPA claim without fees or

costs.  However, SPS does oppose the addition of a common-law fraud claim because, for the

reasons more fully explained below, that fraud claim is futile.  Because dismissal of the RESPA

claim can be accomplished by a stipulation of dismissal (which counsel for SPS has repeatedly

indicated it would be willing to do), SPS requests that the Court deny Plaintiff's motion for leave

to amend.

## DISCUSSION

**A.    Standard for Motion for Leave to Amend.**

A court should deny a motion to amend if "permitting the amendment would prejudice

the opposing party, produce an undue delay in the litigation or result in futility for lack of merit."

*Jackson v. Bank of Hawaii*, 902 F.2d 1385, 1387 (9th Cir. 1990); *see also Leadsinger, Inc. v.*

*BMG Music Publ'g*, 512 F.3d 522, 532 (9th Cir. 2008) (listing factors).  Although undue

prejudice to the opposing party is typically the "most important factor," *Jackson*, 902 F.2d at

1387, futility of amendment alone is a sufficient basis for denying leave to amend.  *Allen v. City*

*of Beverly Hills*, 911 F.2d 367, 373 (9th Cir. 1990) (no need to assess additional factors where

district court properly determined amendment would be futile).  Here, because the proposed

amendment to add a fraud claim is futile, it should be denied.

**B.    Plaintiff's Motion for Leave to File A Second Amended Complaint Adding A Fraud**
**Claim Should Be Denied Because That Claim Is Futile.**

The elements of a common-law fraud claim are "(1) a representation; (2) its falsity; (3) its

materiality; (4) the speaker's knowledge of its falsity or ignorance of its truth; (5) his intent that

it should be acted on by the person and in the manner reasonably contemplated; (6) the hearer's

ignorance of its falsity; (7) [her] reliance on its truth; (8) his right to rely thereon; (9) and his consequent and proximate injury." *Or. Pub. Employees Ret. Board v. Simat, Helliesen & Eichner*, 191 Or. App. 408, 424, 83 P.3d 350 (2004).

In Plaintiffs' Proposed Second Amended Complaint ("Draft 2nd Am. Compl.")[1], Plaintiff alleges that she applied for and was denied a specific type of loan modification under the National Mortgage Settlement ("NMS") program because the loan to value ratio ("LTV") on Plaintiff's residential loan was less than 100%. (Draft 2nd Am. Compl. ¶¶ 14, 22.) Plaintiff further alleges that she was told that the denial was determined based on a prior Bank of America appraisal. (*Id.* ¶ 24.) Plaintiff alleges that she sought to contest the denial of her NMS loan modification application by submitting additional broker price opinions. (*Id.* ¶ 25.)

In her fraud claim, Plaintiff alleges that SPS's statements that she was denied a loan modification because the LTV was less than 100% were false. (*Id.* ¶ 42.) Plaintiff further alleges that she was "ignorant of the truth" and that SPS "knew that Plaintiff would act on its statements by applying for the loan modification and accepting a loan modification which did not contain a principle *[sic]* reduction." (*Id.* ¶¶ 44, 45.) Plaintiff then alleges that she relied "on the truth of these false statements when she accepted a [subsequent] loan modification," that she "had a right to rely on these representations," and that, as a direct result, she "has been injured in the amount of approximately $175,000." (*Id.* ¶¶ 46, 47.)

Plaintiff's vague allegations do not satisfy the requirements for alleging a fraud claim in terms of identifying any alleged misleading statements with specificity. To allege a fraud claim, a plaintiff "must identify the who, what, when, where, and how of the misconduct charged, as

---

[1] The Draft Second Amended Complaint is attached as an unlabeled exhibit to Plaintiff's Motion to Amend Scheduling Order and Motion for Leave to Amend the Complaint (Dkt. #28).

Page 3   -   DEFENDANT SELECT PORTFOLIO SERVICING INC.'S OPPOSITION TO
                PLAINTIFF'S MOTION FOR LEAVE TO AMEND THE COMPLAINT

well as what is false or misleading about the purportedly fraudulent statement, and why it was false." *Cafasso v. Gen. Dynamics C4 Sys.*, 637 F.3d 1047, 1055 (9th Cir. 2011) (quotation marks and alteration omitted).  Here, it is manifestly unclear what the specific "statement" is that Plaintiff relies upon.  In her Draft Second Amended Complaint, Plaintiff alleges that "[t]he statements made by the Defendant as specifically described in paragraph 11 through 23 were material and false."  But paragraphs 11-13 relate to Plaintiff's prior lawsuit against Bank of America, who is not named as a Defendant here.  Paragraphs 14-20 relate to the letter sent to Plaintiff informing her she could apply for an NMS loan modification and Plaintiff's response to the same.  Paragraph 21 relates to an appraisal conducted on or about September 26, 2013.  Paragraphs 22 and 23 relate to SPS's denial letter.  Those general allegations—some of which relate to the conduct of others such as Bank of America or Plaintiff—fall woefully short of the standard that requires the plaintiff to "identify the specific allegedly fraudulent statement" upon which Plaintiff proceeds with her fraud claim.  *Gregory Funding, LLC v. Saksoft, Inc.*, 3:16-cv-480-SI, 2016 U.S. Dist. LEXIS 112740, at *21 (D. Or. Aug. 24, 2016).

Even if Plaintiff could cure that defect (and it's not clear that she can), Plaintiff's remaining allegations fall woefully short to state a claim for relief for fraud.  Plaintiff fails to establish that SPS intended for Plaintiff to rely on any specific statement that it made, or that Plaintiff reasonably relied on the same.  To the contrary, Plaintiff alleges that specifically disputed SPS's denial of the NMS loan modification and specifically, disputed the accuracy of the appraisals used by SPS.  (Id. ¶¶ 24-25.)  In other words, rather than rely on the accuracy of the denial, Plaintiff specifically *did not do so*.  Nor does Plaintiff allege any facts supporting that SPS intended for Plaintiff to rely on any purported misrepresentations, or any facts supporting how Plaintiff's non-existence reliance caused her $175,000 in damages.  Accordingly, to the

Page 4    -    DEFENDANT SELECT PORTFOLIO SERVICING INC.'S OPPOSITION TO
PLAINTIFF'S MOTION FOR LEAVE TO AMEND THE COMPLAINT

extent that Plaintiff's fraud claim is based on the denial of her NMS loan modification application, it is not actionable.  Allowing Plaintiff leave to amend a complaint to add a claim for fraud based on those facts would be futile.  Accordingly, Plaintiff's motion for leave to amend should be denied.

## CONCLUSION

For the foregoing reasons, SPS requests that the Court deny Plaintiff leave to amend the existing Amended Complaint to add a claim for fraud.  SPS does not oppose dismissal, without fees or costs, of Plaintiff's RESPA claim.


DATED:  October 12, 2016.

STOEL RIVES LLP


/s/ Amy Edwards
AMY EDWARDS, OSB No. 012492
CRYSTAL S. CHASE, OSB No. 093104
KENNON SCOTT, OSB No. 144280
Telephone:  (503) 224-3380

Attorneys for Defendant