Amy Edwards, OSB No. 012492
amy.edwards@stoel.com
Crystal S. Chase, OSB No. 093104
crystal.chase@stoel.com
Kennon Scott, OSB No. 144280
kennon.scott@stoel.com
STOEL RIVES LLP
760 SW Ninth Avenue, Suite 3000
Portland, OR  97205
Telephone:  (503) 224-3380
Facsimile:  (503) 220-2480

Attorneys for Defendant Select Portfolio Servicing, Inc.

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

EUGENE DIVISION

| | |
|---|---|
| TERRI KWAKE, an individual and citizen of the State of Oregon,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>SELECT PORTFOLIO SERVICING, INC.; a Utah Corporation,<br><br>　　　　　　Defendant. | Case No.: 6:15-CV-01713-MC<br><br>DEFENDANT SELECT PORTFOLIO SERVICING, INC.'S AMENDED ANSWER TO PLAINTIFF'S SECOND AMENDED COMPLAINT AND AFFIRMATIVE DEFENSES |

Defendant Select Portfolio Servicing, Inc. ("SPS" or "Defendant") hereby answers Plaintiff Terri Kwake's Second Amended Complaint [Dkt. #41] ("SAC") as follows:

### I. JURISDICTION & VENUE

1. Paragraph 1 states a legal conclusion to which no response is required.

Page 1 -   DEFENDANT SELECT PORTFOLIO SERVICING, INC.'S AMENDED
           ANSWER TO PLAINTIFF'S SECOND AMENDED COMPLAINT AND
           AFFIRMATIVE DEFENSES

89768492.1 0052161- 02921

2. Paragraph 2 states a legal conclusion to which no response is required.

## II. PARTIES

3. SPS admits the allegations in Paragraph 3.

4. SPS admits the allegations in Paragraph 4.

## III. FACTS

**A.  Response to Factual Background**

5. SPS admits that SPS and Bank of America, N.A. ("BANA") have acted as the servicers for Plaintiff's loan, including that SPS has acted as a subservicer for BANA, and that only SPS has been named as a defendant in this action. SPS denies the remaining allegations in Paragraph 5.

6. SPS admits the allegations in Paragraph 6.

7. SPS is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 7 and, therefore, denies the same.

8. SPS admits that Plaintiff was a named plaintiff in *Maria Campusano, et al v. BAC Home Loan Servicing LP, et al*, Central District of California Case No. 2:11-cv-04609 ("California Action"). SPS is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 8, and, therefore, denies the same.

9. SPS admits that SPS began servicing Plaintiff's loan as subservicer for BANA on or about August 2012, and that SPS is the current servicer on Plaintiff's loan. SPS denies the remaining allegations in Paragraph 9.

10. SPS is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 10 and, therefore, denies the same.

Page 2 - DEFENDANT SELECT PORTFOLIO SERVICING, INC.'S AMENDED ANSWER TO PLAINTIFF'S SECOND AMENDED COMPLAINT AND AFFIRMATIVE DEFENSES

89768492.1 0052161- 02921

**B.     Response to Actionable Facts**

11.     SPS is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 11 and, therefore, denies the same.

12.     SPS is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 12 and, therefore, denies the same.

13.     SPS is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 13 and, therefore, denies the same.

14.     Answering Paragraph 14, SPS states that Exhibit 1 to the SAC speaks for itself. To the extent a further response is required, SPS denies the allegations in Paragraph 14.

15.     Answering Paragraph 15, SPS states that Exhibit 1 to the SAC speaks for itself. To the extent a further response is required, SPS denies the allegations in Paragraph 15.

16.     Answering Paragraph 16, SPS states that Exhibit 1 to the SAC speaks for itself. To the extent a further response is required, SPS admits that Exhibit 1 contains a "Savings Example."  SPS denies the remaining allegations in Paragraph 16.

17.     Answering Paragraph 17, SPS states that Exhibit 1 to the SAC speaks for itself. To the extent a further response is required, SPS denies the allegations in Paragraph 17.

18.     Answering Paragraph 18, SPS admits that Plaintiff sent some information in response to SPS's October 9, 2013 letter.  SPS denies the remaining allegations in Paragraph 18.

19.     SPS admits that on or about October 16, 2013, SPS sent Plaintiff an Incomplete Information Notice.  SPS denies the remaining allegations in Paragraph 19.

20.     SPS admits that Plaintiff sent in additional information to SPS at some point after October 16, 2013.  SPS denies the remaining allegations in Paragraph 20.

21. Answering Paragraph 21, SPS admits that Exhibit 3 is a document dated September 26, 2013, and further states that the document speaks for itself. SPS denies the remaining allegations in Paragraph 21.

22. Answering Paragraph 22, SPS admits that SPS sent Plaintiff a letter dated December 4, 2013, and that the letter speaks for itself. To the extent a further response is required, SPS denies the allegations in Paragraph 22.

23. SPS denies the allegations in Paragraph 23.

24. SPS denies the allegations in Paragraph 24.

25. SPS denies the allegations in Paragraph 25.

26. Answering Paragraph 26, SPS admits that the Consumer Protection Bureau ("CFPB") has issued revised regulations at 12 CFR § 1024.41, which speak for themselves. To the extent a further response is required, SPS denies the remaining allegations in Paragraph 26.

27. SPS denies the allegations in Paragraph 27.

28. SPS denies the allegations in Paragraph 28.

29. SPS denies the allegations in Paragraph 29.

30. Answering Paragraph 30, SPS admits that in October 2014, SPS offered Plaintiff a Loan Modification Agreement that Plaintiff accepted. SPS is without knowledge or information sufficient to form a belief as to the truth of the allegations about BANA in Paragraph 30. SPS denies the remaining allegations in paragraph 30 and specifically denies that Exhibit 1 of the SAC promises Plaintiff any loan modification, any specific loan modification terms, or any other loss mitigation option.

31. Answering Paragraph 31, SPS denies that Exhibit 1 of the SAC promises Plaintiff any loan modification, any specific loan modification terms, or any other loss mitigation option.

Page 4 - DEFENDANT SELECT PORTFOLIO SERVICING, INC.'S AMENDED ANSWER TO PLAINTIFF'S SECOND AMENDED COMPLAINT AND AFFIRMATIVE DEFENSES

89768492.1 0052161- 02921

SPS is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 31 and, therefore, denies the same.

    32.    Answer Paragraph 32, SPS agrees that Plaintiff and SPS entered into a Loan Modification Agreement dated October 1, 2014, and that the terms of that Loan Modification Agreement speak for themselves.  SPS is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 32 and, therefore, denies the same.

    33.    SPS is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 33.

    34.    SPS admits that Plaintiff is seeking damages in this lawsuit, but denies that she is entitled to any damages.

### IV.  RESPONSE TO CLAIMS FOR RELIEF

#### RESPONSE TO FIRST CLAIM FOR RELIEF

(Breach of Contract)

SPS incorporates its responses to Paragraphs 1-34 by reference.

    35.    SPS denies the allegations in Paragraph 35

    36.    SPS denies the allegations in Paragraph 36.

    37.    SPS denies the allegations in Paragraph 37.

    38.    SPS denies the allegations in Paragraph 38.

    39.    SPS denies the allegations in Paragraph 39.

#### RESPONSE TO SECOND CLAIM FOR RELIEF

(Common Law Fraud)

SPS incorporates its responses to Paragraphs 1-39 by reference.

Page 5 - DEFENDANT SELECT PORTFOLIO SERVICING, INC.'S AMENDED ANSWER TO PLAINTIFF'S SECOND AMENDED COMPLAINT AND AFFIRMATIVE DEFENSES

89768492.1 0052161- 02921

40. Answering Paragraph 40, SPS admits that on or about August 17, 2016 and during discovery in this case, SPS produced an document dated September 26, 2013 and that a copy of that document is attached to the SAC as Exhibit 3. SPS denies the remaining allegations in Paragraph 40.

41. SPS denies the allegations in Paragraph 41.

42. SPS denies the allegations in Paragraph 42.

43. SPS denies the allegations in Paragraph 43.

44. SPS denies the allegations in Paragraph 44.

45. SPS denies the allegations in Paragraph 45.

46. SPS denies the allegations in Paragraph 46.

47. SPS denies the allegations in Paragraph 47.

48. SPS denies the allegations in Paragraph 48.

## RESPONSE TO THIRD CLAIM FOR RELIEF

(Violation of Oregon Unlawful Trade Practices Act)

49. SPS its responses to Paragraphs 1-48 by reference.

50. SPS denies the allegations in Paragraph 50.

51. SPS denies the allegations in Paragraph 51.

52. SPS denies the allegations in Paragraph 52.

53. SPS denies the allegations in Paragraph 53.

54. SPS denies the allegations in Paragraph 54.

55. SPS denies the allegations in Paragraph 55.

Page 6 - DEFENDANT SELECT PORTFOLIO SERVICING, INC.'S AMENDED ANSWER TO PLAINTIFF'S SECOND AMENDED COMPLAINT AND AFFIRMATIVE DEFENSES

89768492.1 0052161- 02921

## V.  PRAYER FOR RELIEF

56. The Prayer for Relief states a legal conclusion to which no response is required. To the extent a response is required to the Prayer for Relief, those allegations are denied.

## DEFENSES AND AFFIRMATIVE DEFENSES

Having fully answered the SAC, SPS asserts the following defenses and affirmative defenses:

57. Plaintiff fails to state a claim upon which relief may be granted.

58. Plaintiff's claims are barred by the equitable doctrines of collateral estoppel, waiver, or laches.

59. Plaintiff's claims are barred because she failed to join indispensable and/or necessary parties as defendants in this matter.

60. Plaintiff's claims are barred by the applicable statutes of limitation or statutes of repose.

61. Plaintiff's claims are barred, in whole or in part, because she has not suffered any injury-in-fact or damages.

62. Plaintiff's claims are barred to the extent that the damages she seeks are the results of acts or omissions committed by Plaintiffs or by a third-party.

63. Upon information or belief, Plaintiff has released her claims against SPS, in whole or in part.

64. Plaintiff's claim for breach of contract is barred by the statute of frauds.

65. SPS respectfully reserves the right to amend its Answer to Plaintiff's SAC to add such additional defenses, affirmative defenses, cross-claims, counterclaims, and/or third-party claims as may be necessary.

WHEREFORE, SPS respectfully prays for the following relief:

1. Dismissal of Plaintiff's SAC with prejudice;

2. An award of costs to SPS; and

3. An award of all such other and further relief to SPS as the Court deems just and equitable.

DATED:  December 1, 2016.

STOEL RIVES LLP

*/s/ Crystal S. Chase*
AMY EDWARDS, OSB No. 012492
CRYSTAL S. CHASE, OSB No. 093104
KENNON SCOTT, OSB No. 144280
Telephone:  (503) 224-3380

Attorneys for Defendant

Page 8   -   DEFENDANT SELECT PORTFOLIO SERVICING, INC.'S AMENDED ANSWER TO PLAINTIFF'S SECOND AMENDED COMPLAINT AND AFFIRMATIVE DEFENSES

89768492.1 0052161- 02921

## CERTIFICATE OF SERVICE

I hereby certify that a true and accurate copy of the foregoing was filed electronically this 1st day of December, 2016. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's ECF system.

STOEL RIVES LLP

*/s/ Crystal S. Chase*
AMY EDWARDS, OSB No. 012492
CRYSTAL S. CHASE, OSB No. 093104
KENNON SCOTT, OSB No. 144280

Attorneys for Defendant

Page 1   -   CERTIFICATE OF SERVICE