**W. Terry Scannell**, OSB No. 853220
Email: terry@scannellaw.com
7128 SW Gonzaga St. #220
Portland, Oregon 97223
Telephone: (503) 776-0806
*Attorney for Plaintiff Terri Kwake*

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| TERRI KWAKE, an individual and citizen of the state of Oregon,<br><br>      Plaintiff,<br><br>   v.<br><br>SELECT PORTFOLIO SERVICING, INC.; a Utah Corporation,<br><br>      Defendants. | No. 6:15-cv-01713-MC<br><br>PLAINTIFF'S LAY WITNESS STATEMENTS |

Plaintiff, through counsel, Terry Scannell, hereby submits the following lay witness statements:

**SPS Witness**

The Plaintiff has requested that the Defendant accept a trial subpoena for its 30(b)(6) Deponent Kajay Williams. The Defendant has refused and pointed out that there is no requirement under the FRCP that the corporate deponent appear at trial. For that reason, the Plaintiff does not know at the time of preparing this witness statement who will actually appear for SPS.

Page 1 -    PLAINTIFF'S LAY WITNESS STATEMENTS

In general, it is anticipated that the SPS witness will testify in a manner consistent with their deposition testimony. It is not fully possible to know what the SPS witness will testify to as the Plaintiff does not have access to nor does the Plaintiff control the SPS witness. The Plaintiff will request the Court declare who ever might appear in court as a hostile witness and allow leading questions by the Plaintiff. The Plaintiff is also prepared to impeach the SPS witness for bias, for the evasive manner in which SPS answers were given in the deposition, and on various issues of fact which were testified to in the deposition which are in some instances contradicted by the Exhibits.

In the event that SPS chooses not to have anyone appear for it other than its lawyers, the Plaintiff will have portions of the deposition read to the jury for the purpose of supplying substantive evidence in the case. It is anticipated that the direct examination of the SPS witness will take approximately 4 hours.

### Terri Kwake

The Plaintiff will testify that she has been married to her husband for 34 years and that they have 6 children. She will testify that she has made her living primarily as a caregiver and by cleaning the adult foster care homes she and her husband have managed.

The Plaintiff will testify that she has no formal education past a GED which she obtained from Lane Community College. She will also testify that she has to take several medications which diminish her memory and will make it difficult for her to testify. She will state that for this reason and the fact that her husband Paul is more knowledgeable in these matters she relied on him to work on this for her. She will testify she at all times asked Paul to communicate with SPS for her including in phone calls where Paul would tell SPS he was Terri Kwake. She will testify to the fact that she adopted what her husband Paul did on her behalf.

She will testify as to how she came to own the property in question. She will testify that she has

Page 2 -    PLAINTIFF'S LAY WITNESS STATEMENTS

Terry Scannell
Attorney at Law
7128 SW Gonzaga St., Ste 220
Portland, OR 97223
P: (503) 789-6866

lived at the property for 25 years.

She will testify in general terms as to why she has filed this law suit and as to her damages associated with the failure of SPS to provide her with the NMS loan modification as opposed to the loan modification she was eventually granted. It is expected that she will testify that her damages are due to the fact that the loan modification is "more than what the property is worth. It's -- as it stands, I am -- I am taking care of this property for SPS. I don't really own it. It's in my name, I pay the bill every month, but it's not worth what SPS is claiming it's worth. And there was an understanding that I thought that there was a modification program for people that had gotten into a bad situation that would help bring it back" to the fair market value or what she has termed "a normal amount." To the extent that the Court allows testimony about the prior loan servicer into the case, she will also testify to the fact that when she settled she insisted that SPS not be a party to that settlement.

She will also testify as to her emotional upset and the physical impact SPS's actions have had on her. She will also testify to the reasons why she believes that punitive damages are appropriate in the case.

**Paul Kwake**

Paul Kwake will testify that he has been married to the Plaintiff for 34 years and that they have had 6 children together. Those children are now adults and living on their own. If necessary and required by the Court, he will testify to the reasons that the addresses of the property are confusing.

Mr. Kwake will also testify that he helps his wife with her legal issues and helped her on this loan and in her dealings with SPS. Paul will explain how his wife came to own the property and will testify about refinancing of the property in 2007. He will testify about his understanding of what role SPS had as opposed to the prior loan servicer and will talk about the fact that he was

Page 3 -    PLAINTIFF'S LAY WITNESS STATEMENTS

Terry Scannell
Attorney at Law
7128 SW Gonzaga St., Ste 220
Portland, OR 97223
P: (503) 789-6866

told in writing and on the phone that he was not to deal with the prior servicer any longer, only SPS.

He will testify about all matters within his knowledge relating to the October 2013 letter about the NMS. He will testify to various phone conversations he had with SPS on his wife's behalf about the letter. This will include but will not be limited to the phone call in which he learned that the NMS modification had been denied. He will testify to the letters that were sent on behalf of his wife and the letters which she got from SPS.

He will testify to all matters within his knowledge relating to the loan modification his wife got. He will testify as to the damages calculations including his wife's claim for emotional distress damages and her claim for punitive damages. He will testify to the key elements of each claim that Plaintiff has brought. He will testify as to the defenses that the Defendants have asserted.

DATED:  January 20, 2017

/s/ Terry Scannell
Terry Scannell (OSB #853220)
7128 SW Gonzaga St., Ste. 220
Portland, Oregon 97223
Tel:  (503) 776-0806
E-mail: terry@scannellaw.com
Attorney for Plaintiff

Page 4 -    PLAINTIFF'S LAY WITNESS STATEMENTS

Terry Scannell
Attorney at Law
7128 SW Gonzaga St., Ste 220
Portland, OR 97223
P: (503) 789-6866

## CERTIFICATE OF SERVICE

I hereby certify that on January 20, 2017, I electronically filed the foregoing document with the United States District Court using the CM/ECF system. I certify that all participants in this case are registered CM/ECF users and that service will be accomplished by the USDC CM/ECF system.

DATED: Friday, January 20, 2017

/s/ Terry Scannell
Terry Scannell, OSB #853220
7128 SW Gonzaga Street, Suite 220
Portland, OR  97223
T:  503-789-6866
E:  terry@scannellaw.com
Attorney for Plaintiff

CERTIFICATE OF SERVICE

Terry Scannell
Attorney at Law
7128 SW Gonzaga St., Ste 220
Portland, OR 97223
P: (503) 789-6866