James P. Laurick, OSB No. 821530
jlaurick@kilmerlaw.com
Kilmer, Voorhees & Laurick, P.C.
732 NW 19th Avenue
Portland, Oregon 97209
Telephone: (503) 224-0055
Fax: (503) 222-5290

Attorneys for Bank of America, N.A.

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

EUGENE DIVISION

| | |
|---|---|
| TERRI KWAKE, an individual and citizen of the State of Oregon,<br><br>                        Plaintiff,<br><br>     v.<br><br>SELECT PORTFOLIO SERVICING, INC., a Utah Corporation**,**<br><br>                        Defendant. | Case No. 6:15-cv-01713-MC<br><br>**BANK OF AMERICA, N.A.'S MOTION TO QUASH THE SUBPOENA ISSUED BY SELECT PORTFOLIO SERVICES, INC. PURPORTING TO COMMAND AN UNNAMED WITNESS TO APPEAR AND TESTIFY AT TRIAL**<br><br>**Request for Oral Argument**<br><br>**Expedited Hearing Requested** |

## LOCAL RULE 7–1 CERTIFICATION

Counsel for third-party intervenor Bank of America, N.A. ("BANA")[1] certifies that in compliance with the Local Rule 7-1(a) of the District of Oregon, BANA contacted and discussed in good faith with the parties in this action BANA's Motion to Quash the Subpoena Issued By Select Portfolio Services, Inc. Purporting to Command an Unnamed Witness to Appear and

---

[1] BANA's limited role in this litigation to date has been as a third-party intervenor. On November 4, 2016, BANA moved to intervene and for a protective order ("Motion for Protective Order") for the limited purpose of preventing disclosure of a confidential settlement agreement between BANA and Plaintiff resolving past litigation in a separate case. Docket Entry – "D.E." 46.

Page 1 - **BANK OF AMERICA, N.A.'S MOTION TO QUASH THE SUBPOENA ISSUED BY SELECT PORTFOLIO SERVICES, INC.**

Testify at Trial ("Motion to Quash").  Defendant Select Portfolio Services, Inc. ("SPS") opposes the motion.  Plaintiff Terri Kwake does not oppose the motion.

## REQUEST FOR ORAL ARGUMENT AND EXPEDITED HEARING

Given that trial in this action is scheduled for next Tuesday, February 21, 2017, and the trial subpoena at issue demands that BANA produce a witness on that same day, BANA moves this Court pursuant to Local Rule 7-1(g) for an expedited hearing on this motion.  As required by Local Rule 7-1(a), counsel for BANA have discussed BANA's request to expedite the hearing with counsel for SPS and Plaintiff.  Plaintiff does not oppose this request.  SPS is considering the request and will notify the Court of its position in its response to this motion.

## MOTION

Pursuant to Federal Rule of Civil Procedure 45(d)(3), BANA moves to quash the subpoena issued by SPS, served on a local retail BANA branch, at 201 E. 11th Ave, Eugene OR 97401, on January 30, 2017 ("Trial Subpoena").  *See* Exhibit 1 to the Declaration of James P. Laurick ("Laurick Decl.").  The Trial Subpoena purports to command "Bank of America, N.A., 201 E. 11th Ave, Eugene OR 97401" to appear and testify at trial in the above-captioned lawsuit on February 21, 2017, at 9:00 A.M. on four "Anticipated Topics of Testimony" ("Topics"), including the Confidential Settlement Agreement between BANA and Plaintiff in another case, *Campusano v. BAC Home Loans Servicing, LP*, Case No. 2:11-CV-4609 (C.D. Cal.).  For the reasons discussed below, the Trial Subpoena is invalid on its face, and, thus, must be quashed.

*First*, in contravention of Federal Rule of Civil Procedure 45 ("Rule 45"), the Trial Subpoena is not directed to an individual with relevant personal knowledge.  Instead, it seeks testimony on various topics, and is directed at one of BANA's retail branch offices.  Taking aside that the local branch has nothing to do with this case—which alone is reason to quash the Trial Subpoena—Ninth Circuit law is clear that a Rule 45 subpoena purporting to seek testimony from an unnamed corporate representative is improper at the trial stage.  *See Donoghue v. Orange Cty.*, 848 F.2d 926, 932 (9th Cir. 1987) (sustaining dismissal of Rule 45 trial subpoena

Page  2 -   **BANK OF AMERICA, N.A.'S MOTION TO QUASH THE SUBPOENA ISSUED BY SELECT PORTFOLIO SERVICES, INC.**

KILMER VOORHEES & LAURICK, P.C.
A PROFESSIONAL CORPORATION
732 N.W. 19TH AVENUE
PORTLAND, OREGON 97209-1302
(503) 224-0055 · FAX (503) 222-5290

for "fail[ing] to designate an individual desired to testify," and instead "specify[ing] the matters on which testimony was sought").

*Second*, the Trial Subpoena violates Rule 45's geographical restrictions.  Under Rule 45, a non-party, such as BANA, can at most be compelled to provide testimony in a state where the witness "resides, is employed, or regularly transacts business"—and even then only if it "would not incur substantial expense."  Fed. R. Civ. P. 45(c).  Here, as BANA has made clear to SPS even before it served the Trial Subpoena, there is no BANA witness in Oregon that can testify on the Topics.  BANA has no witness in the state of Oregon who is knowledgeable of and who is suitable to provide testimony on the "Anticipated Topics of Testimony" set forth in the subpoena attached to the Laurick Decl., Ex. 1.

*Third*, having served no discovery requests on BANA before the close of discovery, SPS now seeks to circumvent the discovery cutoff by demanding for the first time what is tantamount to a Federal Rule of Civil Procedure 30(b)(6) deposition.  This Court should not condone SPS's attempt to end-run its Scheduling Order.

*Fourth*, the *Campusano* Confidential Settlement Agreement has already been the subject of a prior motion for protective order.  D.E. 46.  And this Court has already ruled that SPS is entitled only to the Recitals and Release terms of the Confidential Settlement Agreement, which SPS now has.  D.E. 48.  SPS's renewed attempt to pierce the confidentiality of that agreement should be rejected.

## BACKGROUND

On or about December 27, 2016, SPS reached out to BANA for the first time requesting a witness to testify at trial on the Topics.  This came as a surprise to BANA.  The discovery cutoff had passed two months prior, and SPS had not served a single discovery request on BANA, let alone taken a Rule 30(b)(6) deposition.  In response, BANA expressed its concerns, but—even though it had no legal obligation to do so—agreed in good faith to consider SPS's informal request.  In the next few weeks, BANA continued to confer with SPS regarding its request and

Page  3 -  **BANK OF AMERICA, N.A.'S MOTION TO QUASH THE SUBPOENA ISSUED BY SELECT PORTFOLIO SERVICES, INC.**

KILMER VOORHEES & LAURICK, P.C.
A PROFESSIONAL CORPORATION
732 N.W. 19TH AVENUE
PORTLAND, OREGON 97209-1302
(503) 224-0055 · FAX (503) 222-5290

attempted to determine whether it even had a witness in Oregon that could testify on the Topics. *See* Laurick Decl., ¶ 3 ("BANA has no witness in the state of Oregon who is knowledgeable of and who is suitable to provide testimony on the "Anticipated Topics of Testimony" set forth in the subpoena . . . .").

On January 25, 2017, SPS filed its Lay Witness Statement, detailing topics that a Bank of America witness may testify to at trial. D.E. 76.

On or about January 30, 2017, BANA informed SPS that it still had concerns about the Topics, but, in any event, there was no witness in Oregon that could provide relevant testimony. Still, SPS indicated it would likely serve BANA with a trial subpoena. Later that day, SPS served the Trial Subpoena not on BANA's registered agent, but rather on a local retail BANA branch located at 201 E. 11th Ave, Eugene OR 97401. While the branch was conveniently a few blocks from the Wayne L. Morse U.S. Courthouse, none of the BANA employees who work there have any knowledge regarding Plaintiff's loan. The Trial Subpoena lists the following Anticipated Topics of Testimony:

> 1. Bank of America's "participation in the [National Mortgage Settlement "NMS" Program] . . . , including the obligations of subservicers to BANA in relation to the NMS Program";
>
> 2. "The relationship between [Bank of America] and [SPS] at the time that Plaintiff applied for a modification of her Loan . . . under the NMS Program. ";
>
> 3. "Information provided by BANA to SPS in connection with Plaintiff's Loan and its eligibility for the NMS Program."; and
>
> 2. [sic] "The Confidential Settlement Agreement and General Release dated November 6, 2014 between Bank of America and Plaintiff Terri Kwake."

*See* Laurick Decl., Ex. 1.

## MEMORANDUM & ARGUMENT

A subpoena that does not comport with applicable requirements in the Federal Rules of Civil Procedure is facially invalid and must be quashed. *Simon v. FIA Card Servs., N.A.*, 732 F.3d 259, 279 (3d Cir. 2013) ("To be valid, a subpoena must comply with Civil Rule

Page  4 -  **BANK OF AMERICA, N.A.'S MOTION TO QUASH THE SUBPOENA ISSUED BY SELECT PORTFOLIO SERVICES, INC.**

KILMER VOORHEES & LAURICK, P.C.
A PROFESSIONAL CORPORATION
732 N.W. 19TH AVENUE
PORTLAND, OREGON 97209-1302
(503) 224-0055 · FAX (503) 222-5290

45's requirements."); *see also Mount Hope Church v. Bash Back!*, 705 F.3d 418, 428 (9th Cir. 2012) (subpoena is invalid if issuing party does "not follow the subpoena procedures in Rule 45"); *Monsanto Co. v. Victory Wholesale Grocers*, 2008 WL 2066449, at *1 (E.D.N.Y. May 14, 2008) (subpoena that is "facially invalid under Rule 45" must be quashed).  Here, the Trial Subpoena violates the Federal Rules of Civil Procedure because (i) it is not directed at a specific witness, (ii) it violates Rule 45's geographical requirements, and (iii) it seeks to circumvent the discovery cutoff.  Moreover, SPS's attempt to seek testimony on the *Campusano* Settlement Agreement requires BANA to violate confidentiality—and potentially the attorney-client privilege—and, thus, is improper.

        A.      <u>The Trial Subpoena Does Not Identify a Witness.</u>

The Trial Subpoena should be quashed because it is not directed at a specific witness.  A fundamental requirement of Rule 45 trial subpoena is that a witness who is commanded to appear and testify at trial must "be specifically named" in the subpoena.  *Donoghue v. Orange Cty.*, 848 F.2d 926, 931 (9th Cir. 1987); Fed. R. Civ. P. 45.  While seeking testimony from an unnamed corporate representative on various topics might be acceptable in the context of a 30(b)(6) deposition ***discovery*** subpoena, it is not allowed in the context of a ***trial*** subpoena.  *Donoghue*, 848 F.2d at 931-32 (holding that a Rule 45 trial subpoena cannot be used to force a corporation to designate a corporate representative for trial in the manner of a deposition under Rule 30(b)(6)); *see also Hill v. Nat'l R. R. Passenger Corp.*, 1989 WL 87621 at *1 (E.D. La. 1989) (same); *F.T.C. v. Netscape Comm.*, 196 F.R.D. 559, 560 (N.D. Cal. 2000) ("While both discovery and trial subpoenas may be issued under Rule 45, they are not the same thing.").  As the *Hill* court explained:

> Rule 30(b)(6) specifically applies to the deposition of a corporation.  Rule 45 of the Federal Rules of Civil Procedure provides the proper procedure by which a person may be compelled to testify at a trial.  There is no provision allowing the use of the 30(b)(6)-type designation of areas of inquiry or allowing service on a corporation through an agent for service of process in order to compel a particular person, who may be a corporate employee outside the subpoena power of the court, to testify at the trial.  Further, plaintiff has not pointed the Court to any specific authority

Page  5 -   **BANK OF AMERICA, N.A.'S MOTION TO QUASH THE SUBPOENA ISSUED BY SELECT PORTFOLIO SERVICES, INC.**

KILMER VOORHEES & LAURICK, P.C.
A PROFESSIONAL CORPORATION
732 N.W. 19TH AVENUE
PORTLAND, OREGON 97209-1302
(503) 224-0055 · FAX (503) 222-5290

allowing such a procedure nor has the Court found any authority supporting the plaintiff's position.

1989 WL 87621 at *1.

In *Donoghue*, the Ninth Circuit reached the same conclusion, holding that there is "no authority . . . for the proposition that the Rule 30 standards should govern Rule 45 subpoenas of [trial] witnesses." 848 F.2d at 932; *see also In re Otero Cty. Hosp. Ass'n, Inc.*, 2014 WL 184984, at *10 (Bankr. D.N.M. Jan. 15, 2014) ("Rule 30(b)(6) may not be used in conjunction with Rule 45 to serve a subpoena on a corporation for purposes of securing trial testimony without naming a particular individual."); *Dopson-Troutt v. Novartis Pharm. Corp.*, 295 F.R.D. 536, 540 (M.D. Fla. 2013) (granting motion to quash because a litigant "cannot properly compel trial testimony through a Rule 30(b)(6)-type designation"); *United States v. Vernon*, 2012 WL 345361, at *1 n.1 (S.D. Ala. Feb. 1, 2012) (quashing trial subpoena "addressed only to the Office of the Legal Adviser for the United States Department of State" because it failed "to identify a particular Department employee/witness").[2]

Here, SPS directs the Trial Subpoena not to any specific witness, but to "Bank of America, N.A., 201 E. 11th Ave, Eugene OR 97401." To the extent that SPS is seeking testimony from that specific retail branch, no employee at the branch has any relevant information to this case. Assuming, however, that this is somehow an attempt to seek testimony from BANA's corporate representative—even though it did not serve BANA's registered agent—the Trial Subpoena violates Rule 45 because it does not "specifically name[]" a witness, and, thus, must be quashed. *Donoghue*, 848 F.2d at 931.

/ / /

/ / /

/ / /

---

[2] In the few out-of-circuit district court cases in which courts have permitted the taking of trial testimony from unspecified corporate representatives, those cases involved trial subpoenas served on *parties*, as opposed to third parties like BANA, and, thus, are distinguishable on that basis. *See Conyers v. Balboa Ins. Co.*, 2013 WL 2450108, at *2 (M.D. Fla. June 5, 2013) (allowing trial subpoena for an unnamed corporate representative of a *party*); *Williams v. Asplundh Tree Expert Co.*, 2006 WL 2598758, at *2-3 (M.D. Fla. Sept. 11, 2006) (same).

Page  6 -   BANK OF AMERICA, N.A.'S MOTION TO QUASH
THE SUBPOENA ISSUED BY SELECT
PORTFOLIO SERVICES, INC.

KILMER VOORHEES & LAURICK, P.C.
A PROFESSIONAL CORPORATION
732 N.W. 19TH AVENUE
PORTLAND, OREGON 97209-1302
(503) 224-0055 · FAX (503) 222-5290

B.  The Trial Subpoena Impermissibly Attempts to Expand the Court's Subpoena Power Beyond the Geographical Limits Imposed by Rule 45(c).

The Trial Subpoena must also be quashed because it violates Rule 45's geographical limits. Indeed, a subpoena-issuing court "***must quash*** . . . a subpoena that . . . requires a person to comply beyond the geographical limits specified in Rule 45(c) . . . ." Fed. R. Civ. P. 45(d)(3)(A)(ii) (emphasis added). Typically, a trial subpoena may command the attendance of a witness only "within 100 miles of where the person resides, is employed, or regularly transacts business in person . . . ." Fed. R. Civ. P. 45(c)(1)(A). In the case of non-parties, witnesses at most can be compelled to testify in "the state where the person resides, is employed, or regularly transacts business in person," but even then only if they "would not incur substantial expense." Fed. R. Civ. P. 45(c)(1)(B). There are absolutely no circumstances where an out-of-state witness who neither lives, nor works, nor regularly transacts business in person within 100 miles from the courthouse may be compelled to attend trial. *See id.*; *Havens v. Mar. Comm'ns/Land Mobile, LLC*, 2014 WL 2094035, at *1 (D.N.J. May 20, 2014) (explaining impact of 2013 amendments on Rule 45(c)(1)(A) and (B)); *Iorio v. Allianz Life Ins. Co. of N. Am.*, 2009 WL 3415689, at *4 (S.D. Cal. Oct. 21, 2009) ("Rule 45 does not give the Court the power to serve subpoenas to appear at trial . . . outside the 100–mile radius.").

Here, even before SPS served the Trial Subpoena, BANA explicitly told SPS that there is no witness who lives, works, or regularly transacts business in person in Oregon with any knowledge that is relevant to this case. *See* Laurick Decl., ¶ 3. Further, as SPS was aware, the local branch that SPS served was not involved in the servicing of Plaintiff's loan, and none of the BANA employees who work there have any knowledge regarding Plaintiff's loan. Thus, SPS knew that the Trial Subpoena violated Rule 45's geographical limits, but chose to serve it nonetheless. And to the extent that SPS takes the position that BANA must somehow educate a witness within 100 miles of the courthouse to testify on the Topics, courts have repeatedly rejected this argument. *See Estate of Klieman v. Palestinian Authority*, 293 F.R.D. 235, 239 (D.D.C. 2013) ("In sum, under Rule 45 this Court must quash a subpoena where a nonparty

Page 7 -  **BANK OF AMERICA, N.A.'S MOTION TO QUASH THE SUBPOENA ISSUED BY SELECT PORTFOLIO SERVICES, INC.**

KILMER VOORHEES & LAURICK, P.C.
A PROFESSIONAL CORPORATION
732 N.W. 19TH AVENUE
PORTLAND, OREGON 97209-1302
(503) 224-0055 · FAX (503) 222-5290

organization does not employ anyone who is suitable to serve as a Rule 30(b)(6) representative within 100 miles of the district."); *Sokolow v. Palestine Liberation Org.*, 2012 WL 3871380, at *4 (S.D.N.Y. Sept. 6, 2012) (denying request to require deposition when knowledgeable witnesses resided outside of the United States); *Krueger Invs., LLC v. Cardinal Health 110, Inc.*, 2012 WL 3264524, at *3 (D. Ariz. Aug. 9, 2012) (granting motion to quash because "Rule 45 explicitly prohibits a subpoena requiring a non-party to travel more than 100 miles from its place of business to testify"); *West Coast Life Ins. Co. v. Life Brokerage Partners, LLC*, 2010 WL 181088, at *2 (D. Del. Jan. 19, 2010) (quashing subpoena issued to non-party whose employees worked over 100 miles from the district); *1920 Enters., Inc. v. Hartford Steam Boiler Inspection*, 2007 WL 1521019, at *2 (E.D. La. May 23, 2007) (same). To hold otherwise would effectively eviscerate the geographical limitations in Rule 45(c)(1) for corporations. *See Estate of Klieman*, 293 F.R.D. at 240 ("A contrary rule would render Rule 45(c)'s protections meaningless in the context of Rule 30(b)(6) witnesses."). After all, corporations could then always be compelled to educate a witness within 100 miles of the courthouse, which would mean that Rule 45's geographical limits would have no application at all. Indeed, such an interpretation is even more nonsensical in the case of non-parties, such as BANA, which have very little stake in the action but would have to incur significant costs in the process.

    C.    <u>The Trial Subpoena Impermissibly Attempts to Circumvent the Discovery Deadline.</u>

This Court should also quash the Trial Subpoena because it violates this Court's Scheduling Order. The law is clear that trial subpoenas probing for new information "after the discovery cut-off are improper attempts to obtain discovery beyond the discovery period." *Liu v. Win Woo Trading, LLC*, 2016 WL 661029, at *2 (N.D. Cal. Feb. 18, 2016); *accord Jefferson v. Biogen IDEC Inc.*, 2012 WL 1150415, at *2 (E.D.N.C. Apr. 5, 2012) ("Upon the determination that a Rule 45 subpoena constitutes discovery, courts have routinely held that said subpoenas served outside of the discovery period are untimely."); *Soriano v. Countrywide Home Loans, Inc.*, 2011 WL 13073332, at *3 (N.D. Cal. May 27, 2011) ("There are numerous district court

Page 8 - **BANK OF AMERICA, N.A.'S MOTION TO QUASH THE SUBPOENA ISSUED BY SELECT PORTFOLIO SERVICES, INC.**

KILMER VOORHEES & LAURICK, P.C.
A PROFESSIONAL CORPORATION
732 N.W. 19TH AVENUE
PORTLAND, OREGON 97209-1302
(503) 224-0055 · FAX (503) 222-5290

decisions quashing Rule 45 subpoenas on the basis that they seek to improperly circumvent the discovery deadline by asking for discovery that could have been sought before discovery closed."); *nSight, Inc. v. PeopleSoft, Inc.*, 2006 WL 988807, at *3 (N.D. Cal. Apr. 13, 2006) ("Courts have emphasized that a party's further investigation and trial preparation after a discovery cut-off may not invoke the authority of the court to issue a Rule 45 subpoena."); *F.T.C. v. Netscape Commc'ns Corp.*, 196 F.R.D. 559, 561 (N.D. Cal. 2000) ("[P]arties cannot circumvent discovery deadlines by attempting to obtain with a trial subpoena documents and testimony that they should have secured with a discovery subpoena.").  Here, the discovery cutoff passed on October 31, 2016.  D.E. 37.  SPS never served any discovery requests on BANA, let alone discovery on the Topics or a 30(b)(6) deposition notice.  SPS's belated attempt to conduct discovery now is improper, and this Court should quash the Trial Subpoena for this reason alone.

        D.      <u>Bank of America is Prohibited From Discussing the *Campusano* Confidential Settlement Agreement, Which SPS Already Has the Relevant Portions Of.</u>

Finally, this Court should reject SPS's renewed efforts to pierce the confidentiality of the *Campusano* Confidential Settlement Agreement.  As an initial matter, it is unclear what exactly SPS wants to know about the *Campusano* Confidential Settlement Agreement.  The Trial Subpoena states only that it seeks testimony on "[t]he Confidential Settlement Agreement and General Release dated November 6, 2014 between Bank of America and Plaintiff Terri Kwake."  *See* Laurick Decl., Ex. 1.  But as numerous courts have held, topics of testimony must be specified with "painstaking specificity."  *See Memory Integrity, LLC v. Intel Corp.*, 308 F.R.D. 656, 661 (D. Or. 2015) ("[T]o allow the Rule to effectively function, the requesting party must take care to designate, *with painstaking specificity*, the particular subject areas that are intended to be questioned, and that are relevant to the issues in dispute.") (emphasis in original) (quoting *Sprint Commc'ns Co., L.P. v. Theglobe.com, Inc.*, 236 F.R.D. 524, 528 (D. Kan. 2006)).  Here, "painstaking specificity" is particularly important because to the extent SPS seeks to explore the negotiation of the *Campusano* Confidential Settlement Agreement, it would likely call for

Page  9 -  **BANK OF AMERICA, N.A.'S MOTION TO QUASH THE SUBPOENA ISSUED BY SELECT PORTFOLIO SERVICES, INC.**

KILMER VOORHEES & LAURICK, P.C.
A PROFESSIONAL CORPORATION
732 N.W. 19TH AVENUE
PORTLAND, OREGON 97209-1302
(503) 224-0055 · FAX (503) 222-5290

privileged information, the disclosure of which is improper.  *Cf. Smithkline Beecham Corp. v. Apotex Corp.*, 2000 WL 116082, at *10 (N.D. Ill. Jan. 24, 2000) (declining a motion to compel a 30(b)(6) deposition because a topic "improperly infringe[d] upon matters of attorney-client privilege").

Moreover, this Court has already held that SPS is entitled only to the Recitals and Release terms of the *Campusano* Confidential Settlement Agreement.  On November 4, 2016, BANA moved as a third-party intervenor to prevent disclosure of the *Campusano* Confidential Settlement Agreement to SPS.  D.E. 46.  On November 8, 2016, the Court granted in part and denied in part BANA's motion, ordering Plaintiff to produce to SPS only the Recitals and Release terms.  D.E. 48.  And even then, the Court ordered that the production be subject to the parties' Stipulated Protective Order.  In sum, SPS has already received all of the provisions of the Agreement it was entitled to receive.  To demand that BANA now offer wide-ranging testimony on the *Campusano* Confidential Settlement Agreement in open court runs counter to this Court's prior ruling.

## CONCLUSION

For the foregoing reasons, the Trial Subpoena is facially invalid, and this Court should not permit SPS to force BANA to disclose details concerning the *Campusano* Confidential Settlement Agreement in open court.  BANA respectfully requests that this Court GRANT its Motion to Quash.

DATED: February 13, 2017.

KILMER VOORHEES & LAURICK, P.C.

*/s/ James P. Laurick*
James P. Laurick, OSB No. 821530
jlaurick@kilmerlaw.com
732 NW 19th Avenue
Portland, OR  97209
Phone No.:  (503) 224-0055
Fax No.:  (503) 222-5290
Of Attorneys for Bank of America, N.A.

Page  10 -    BANK OF AMERICA, N.A.'S MOTION TO QUASH THE SUBPOENA ISSUED BY SELECT PORTFOLIO SERVICES, INC.

KILMER VOORHEES & LAURICK, P.C.
A PROFESSIONAL CORPORATION
732 N.W. 19TH AVENUE
PORTLAND, OREGON 97209-1302
(503) 224-0055 · FAX (503) 222-5290

## **CERTIFICATE OF SERVICE**

I certify that on this 13th day of February, 2017, the foregoing **BANK OF AMERICA, N.A.'S MOTION TO QUASH THE SUBPOENA ISSUED BY SELECT PORTFOLIO SERVICES, INC. PURPORTING TO COMMAND AN UNNAMED WITNESS TO APPEAR AND TESTIFY AT TRIAL** will be served in accordance with the Court's CM/ECF system which will send notification of such filing by notice via email to the ECF participants of record a true copy of the foregoing document.

KILMER VOORHEES & LAURICK, P.C.

*/s/ James P. Laurick*
James P. Laurick, OSB No. 821530
jlaurick@kilmerlaw.com
732 NW 19th Avenue
Portland, OR  97209
Phone No.:  (503) 224-0055
Fax No.:  (503) 222-5290
Of Attorneys for Bank of America, N.A.
I:\10011\0065\Pleadings\BANA's Motion to Quash.docx

Page  1 -  CERTIFICATE OF SERVICE

KILMER VOORHEES & LAURICK, P.C.
A PROFESSIONAL CORPORATION
732 N.W. 19TH AVENUE
PORTLAND, OREGON 97209-1302
(503) 224-0055 · FAX (503) 222-5290