Amy Edwards, OSB No. 012492
amy.edwards@stoel.com
Crystal S. Chase, OSB No. 093104
crystal.chase@stoel.com
Kennon Scott, OSB No. 144280
kennon.scott@stoel.com
STOEL RIVES LLP
760 SW Ninth Ave., Ste. 3000
Portland, OR  97205
Telephone:  (503) 224-3380
Facsimile:  (503) 220-2480

Attorneys for Defendant Select Portfolio Servicing, Inc.

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

EUGENE DIVISION

| | |
|---|---|
| TERRI KWAKE, an individual and citizen of the State of Oregon,<br><br>Plaintiff,<br><br>v.<br><br>SELECT PORTFOLIO SERVICING, INC.; a Utah Corporation,<br><br>Defendant. | Case No.: 6:15-CV-01713-MC<br><br>DEFENDANT SELECT PORTFOLIO SERVICING, INC.'S RESPONSE TO PLAINTIFF'S AMENDED SUPPLEMENTAL MOTION IN LIMINE TO EXCLUDE TESTIMONY FROM ANY BANK OF AMERICA WITNESS |

Defendant Select Portfolio Servicing, Inc. ("SPS") submits the following response to

Plaintiff's Amended Supplemental Motion in Limine to Exclude Testimony from Any Bank of

America ("BANA") Witness Due to Failure to Comply with the Trial Management Order and

Page 1   -   DEFENDANT SELECT PORTFOLIO SERVICING, INC.'S RESPONSE TO PLAINTIFF'S SUPPLEMENTAL MOTION IN LIMINE TO EXCLUDE TESTIMONY FROM ANY BANA WITNESS

90757554.2 0052161-02921

FRCP 26 (Dkt. #112) ("Motion"). Plaintiff's Motion is based on erroneous and unsupported factual allegations, and should be denied.

## I. INTRODUCTION

In her motion, Plaintiff argues that SPS be precluded from presenting the testimony of the the BANA witness listed on SPS's timely-filed witness list. As an initial matter, the deadline for the parties to file motions in limine was January 23, 2017. There is nothing new presented in Plaintiff's Motion that she could not have raised three weeks ago. The Motion should be denied on this basis alone. Moreover, the only reason Plaintiff gives for the exclusion of this witness is that SPS has not disclosed the name of the BANA witness. This is not reason enough to impose the extreme sanction Plaintiff seeks. While SPS does not deny that the Court's Trial Management Order required SPS to disclose the "name[] and occupation" of its intended witnesses, SPS is not at fault for failing to do so—BANA has, to-date, failed to provide the name of a witness they canmake available. (*See* Declaration of Amy Edwards to Support Defendant's Response to Plaintiff's Pretrial Submissions (Feb. 6, 2017) (Dkt. No. 102), ¶ 6; Declaration of Amy Edwards to Support SPS's Response to Plaintiff's Amended Supplemental Motion in Limine to Exclude Testimony from any Bank of America Witness ("Feb. 13 Edwards Decl."), ¶ 3.) Further, SPS's failure to provide the name of the BANA witness has not prejudiced Plaintiff. SPS's witness list provides an extremely detailed summary of what the BANA witness will testify to. Therefore, Plaintiff's Motion should be denied.

## II. ARGUMENT

Plaintiff argues for the imposition of the sanctions permitted by Rule 37(c)(1), which include the exclusion of witnesses not disclosed in a party's initial disclosures. However, such sanctions are inapplicable where, as here, the parties agreed to waive such disclosures. (Feb 13

Page 2 - DEFENDANT SELECT PORTFOLIO SERVICING, INC.'S RESPONSE TO PLAINTIFF'S SUPPLEMENTAL MOTION IN LIMINE TO EXCLUDE TESTIMONY FROM ANY BANA WITNESS

90757554.2 0052161-02921

Edwards Decl. ¶ 2 and Ex. 1); Fed. R. Civ. P. 37(c)(1) (providing for sanctions "[i]f a party fails to provide information or identify a witness as requested by Rule 26(a) or (e)").

Of course, separate from Rule 37 sanctions, a court also has discretion to exclude witnesses not disclosed in compliance with a pretrial order.  However, where, as here, Plaintiff admits that the evidence she seeks to exclude is "very much an issue" going into trial (Mot. at 1), the exclusion of such evidence is "an 'extreme' sanction, not normally imposed absent a showing of willful deception or 'flagrant disregard' of a court order by the proponent of the evidence." *Meyers v. Pennypack Woods Home Ownership Ass'n*, 559 F.2d 894, 905 (3d Cir. 1977).  Before excluding the testimony of witnesses not disclosed on a pretrial witness list, courts must consider "(1) the prejudice or surprise in fact of the party against whom the excluded witnesses would have testified; (2) the ability of that party to cure the prejudice; (3) the extent to which waiver of the rule against calling unlisted witnesses would disrupt the orderly and efficient trial of the case or other cases in the court; (4) bad faith or willfulness in failing to comply with the court's order."  *Price v. Seydel*, 961 F.2d 1470, 1474 (9th Cir. 1992).[1]

Here, SPS has not acted in bad faith or willfully failed to comply with the Court's order. It has not disclosed the name of the BANA witness only because BANA has, to-date, refused to provide the name of the witness it will produce in response to SPS's subpoena.  (Feb 13 Edwards Decl. ¶ 3.)  Plaintiff's claim that SPS and BANA might be colluding to "hide" the identity of the BANA witness is unsubstantiated and inappropriate.  SPS would not benefit in any way from

---

[1] Even were the Court to apply the test for sanctions under Rule 37, the test is similar. While the Ninth Circuit does not require a showing of willfulness before sanctions may be imposed, "[t]wo express exceptions to ameliorate the harshness of Rule 37(c)(1):  Information may be introduced if the parties' failure to disclose the required information is substantially justified or harmless." *Rau v. State Farm Ins. Companies*, No. CV-06-27-BLG-RFC-CSO, 2007 WL 7652826, at *8 (D. Mont. Aug. 14, 2007) (quoting *Yeti by Molly, Ltd. v. Decker Outdoor Corp.*, 259 F.3d 1101, 1106 (9th Cir. 2001)).

Page 3  -  DEFENDANT SELECT PORTFOLIO SERVICING, INC.'S RESPONSE TO
 PLAINTIFF'S SUPPLEMENTAL MOTION IN LIMINE TO EXCLUDE
 TESTIMONY FROM ANY BANA WITNESS

90757554.2 0052161-02921

hiding the identity of the BANA witness. On the contrary, SPS has done everything in its power to try and timely comply with the Court's order.

Moreover, Plaintiff has not and will not be prejudiced by the fact she does not yet know the identity of the BANA witness. SPS's timely-filed witness list provided an exhaustive summary of what testimony it plans to elicit from the BANA witness. Therefore, Plaintiff knows everything that SPS knows about the BANA witness. And, SPS's summary provided Plaintiff with enough information to prepare for cross-examination. Therefore, Plaintiff has not been prejudiced by the BANA witness' testimony, nor will that witness' testimony disrupt trial. For all of these reasons, Plaintiff's Motion should be denied. *See Price*, 961 F.2d at 1474 (district court erred in excluding testimony where there was "no evidence that [proponent] wished to call [witness] in order to surprise the [opposing party] or that he had willfully or in bad faith disregarded the court's pretrial order"); *c.f. Depew v. ShopKo Stores, Inc.*, No. CIV. 03-0539-S-BLW, 2006 WL 47357, at *2 (D. Idaho Jan. 6, 2006) (denying motion to exclude testimony from substitute witness where no evidence testimony would differ from summary provided for original witness).

DATED: February 13, 2017.

STOEL RIVES LLP

*/s/ Amy Edwards*
AMY EDWARDS, OSB No. 012492
CRYSTAL S. CHASE, OSB No. 093104
Telephone: (503) 224-3380

Attorneys for Defendant Select Portfolio Servicing, Inc.

Page 4 - DEFENDANT SELECT PORTFOLIO SERVICING, INC.'S RESPONSE TO PLAINTIFF'S SUPPLEMENTAL MOTION IN LIMINE TO EXCLUDE TESTIMONY FROM ANY BANA WITNESS

90757554.2 0052161-02921