Amy Edwards, OSB No. 012492
amy.edwards@stoel.com
Crystal S. Chase, OSB No. 093104
crystal.chase@stoel.com
Kennon Scott, OSB No. 144280
kennon.scott@stoel.com
STOEL RIVES LLP
760 SW Ninth Ave., Ste. 3000
Portland, OR 97205
Telephone: (503) 224-3380
Facsimile: (503) 220-2480

Attorneys for Defendant Select Portfolio Servicing, Inc.

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

EUGENE DIVISION

| | |
|---|---|
| TERRI KWAKE, an individual and citizen of the State of Oregon,<br><br>Plaintiff,<br><br>v.<br><br>SELECT PORTFOLIO SERVICING, INC.; a Utah Corporation,<br><br>Defendant. | Case No.: 6:15-CV-01713-MC<br><br>DEFENDANT SELECT PORTFOLIO SERVICING, INC.'S RESPONSE TO BANK OF AMERICA, N.A.'S MOTION TO QUASH |

Defendant Select Portfolio Servicing, Inc. ("SPS") submits the following response to

Bank of America, N.A.'s ("BANA") Motion to Quash (Dkt. #115) ("Motion"). This response is

supported by the Declaration of Kimberly M. Hammond ("SPS Decl."), filed herewith.

Page 1 - DEFENDANT SELECT PORTFOLIO SERVICING, INC.'S RESPONSE TO
PLAINTIFF'S SUPPLEMENTAL MOTION IN LIMINE TO EXCLUDE
TESTIMONY FROM ANY BANA WITNESS

## I. INTRODUCTION

After months of acting like a cooperating third-party witness, BANA, at the eleventh hour, is attempting to re-write its position and undermine its prior agreements with SPS. BANA should be required to provide a witness under the subpoena and its Motion should be denied.

## II. FACTUAL BACKGROUND

Since the beginning, SPS has been working closely with BANA to defend this case. As is customary in the loan servicing industry, BANA, as the prior servicer on Plaintiff's loan, has been cooperating with SPS. (SPS Decl. ¶ 3.) BANA consistently offered to help SPS in the litigation, provided SPS information when asked, without being served with formal discovery requests, and assisted SPS in discovery disputes with Plaintiff over BANA proprietary documents. (*Id.*) As a result, after the settlement conference, when the trial date was firmly set for February, SPS reached out to BANA informally to request the attendance of a BANA witness, expecting BANA to cooperate without hesitation. (*Id.* ¶ 4.) And BANA appeared to do so. In fact, until this Monday, BANA never indicated that it would refuse to produce a witness. (*Id.* ¶ 9.) What follows is a short timeline of the communications between SPS and BANA:

- On December 27, 2016, assuming that BANA would cooperate, SPS emails BANA asking about the "best way . . . to get a [BANA] witness assigned." Rather than refuse the request, BANA simply asks about the "scope of testimony" needed. (*Id.,* Ex. 1.)

- On January 3, 2017, BANA and SPS have a call to discuss the scope of testimony for the BANA witness. (*Id.* ¶ 5.)

- On January 11, SPS checks in on the assignment of a BANA witness. In response, BANA states that it is "still trying to identify someone" to testify on the topics SPS and BANA had discussed. (*Id.,* Ex. 3.)

- On January 25, SPS and BANA discuss the BANA witness. SPS indicates that even if BANA cannot identify a witness with knowledge of Plaintiff's loan, SPS still needs a witness to explain the policies and procedures of implementing the National Mortgage Settlement Program ("NMS Program"). BANA and SPS also discuss

Page 2 - DEFENDANT SELECT PORTFOLIO SERVICING, INC.'S RESPONSE TO PLAINTIFF'S SUPPLEMENTAL MOTION IN LIMINE TO EXCLUDE TESTIMONY FROM ANY BANA WITNESS

90777235.3 0052161-02921

- whether serving a subpoena will help BANA expedite the assignment of a witness. (*Id.* ¶ 6.)

- On January 30, SPS serves BANA with a subpoena (the "Subpoena"), and provides a copy to SPS's primary BANA contact for this case. (*Id.,* Ex. 2.) SPS also sends BANA the witness disclosures it filed, again asking for the "name of the BANA witness" as soon as possible. (*Id.,* Ex. 3.)

- On February 6, BANA tells SPS that it is working to respond to the Subpoena and will have more information to share the following day. Hearing nothing, SPS emails BANA again asking for an update. (*Id.,* Ex. 4.)

- On February 9, BANA tells SPS that it is "actively looking into [SPS's] request." BANA also states that it has "some concerns" about the topics listed in the Subpoena, but it does not suggest it has changed its position on providing a witness. In fact, it promises to "make every effort to respond as quickly as possible." (*Id.*)

- On February 13, *for the first time*, BANA refuses to provide a trial witness and states that it will move to quash the Subpoena. Just hours later it files its Motion to Quash. (*Id.* ¶ 9.)

### III.  ARGUMENT

None of the four arguments raised by BANA justify quashing the Subpoena.

**A.  BANA Has Waived Its Right to Object to the Form of the Subpoena.**

BANA's primary argument is that the Subpoena should be quashed because it is directed to BANA, rather than to an individual. SPS recognizes that the Ninth Circuit has held that Rule 45 generally requires that subpoenas designate the individual desired to testify. *See Donoghue v. Orange Cty.*, 848 F.2d 926, 931 (9th Cir. 1987). However, in this case, applying that rule would lead to an unjust result. For the past six weeks, BANA has strung SPS along, giving SPS every indication that it would provide a witness for trial. In fact, SPS only served the Subpoena, because it believed doing so would help BANA assign a witness more quickly. (SPS Decl. ¶ 7.) Courts in other jurisdictions have enforced subpoenas served on unnamed corporate representatives. *Conyers v. Balboa Ins. Co.*, No. 8:12-CV-30-T-33EAJ, 2013 WL 2450108, at *1 (M.D. Fla. June 5, 2013) (denying motion to quash a Rule 45 subpoena served on an unnamed

Page 3  -  DEFENDANT SELECT PORTFOLIO SERVICING, INC.'S RESPONSE TO PLAINTIFF'S SUPPLEMENTAL MOTION IN LIMINE TO EXCLUDE TESTIMONY FROM ANY BANA WITNESS

90777235.3 0052161-02921

corporate representative); *Williams v. Asplundh Tree Expert Co.*, 2006 WL 2598758, at *2-3 (M.D. Fla. Sept. 11, 2006) (same).[1] And, more importantly, to permit BANA, on the eve of trial, to go back on its word and contest the form of the subpoena, would reward BANA for failing to deal with SPS in good faith.

B.     There is No Evidence that BANA Cannot Produce a Witness in Oregon.

In its Motion, BANA claims that it informed SPS, prior to service of the subpoena, that BANA had no Oregon-based witness with any knowledge relevant to this case. (Motion at 7.) As an initial matter, this statement is not supported by any admissible evidence. Counsel for BANA attests to this fact, but he cannot possibly have personal knowledge of the suitability of every BANA employee living or working in Oregon. (*See* Laurick Decl. (Dkt. #116) ¶ 2.)

Moreover, the Motion focuses on BANA's claim that no one in BANA's local branch has any knowledge of Plaintiff's loan. (*See* Motion at 7.) Again, this claim is unsupported by any evidence. However, even if it were true, it is irrelevant. The Subpoena demands testimony on matters beyond Plaintiff's loan. As SPS has been explaining to BANA since December, SPS seeks a BANA witness to testify to the policies and procedures of implementing the BANA's NMS Program. (SPS Decl. ¶ 4; *id.,* Ex. 2 (Subpoena at 4).) There is no evidence that there is no Oregon-based BANA witness with knowledge of this program.[2] Therefore, BANA's argument that the Subpoena violates Rule 45's geographical limits is unfounded.

---

[1] *Donaghue* was decided long before *Conyers* and *Williams*. Moreover, in *Donaghue*, the Ninth Circuit did not hold that a Rule 45 subpoena may *never* be served on an unnamed corporate representative. Instead, it simply held that, because it had "discovered no authority . . . for the proposition that the Rule 30 standards should govern Rule 45 subpoenas of witnesses," the District Court had not abused its discretion in quashing a trial subpoena served on an unnamed corporate representative. *Donoghue*, 848 F.2d at 932.

[2] Indeed, in the six weeks of discussion BANA never indicated that it could not provide a witness based on the location of the trial.

Page 4   -   DEFENDANT SELECT PORTFOLIO SERVICING, INC.'S RESPONSE TO
              PLAINTIFF'S SUPPLEMENTAL MOTION IN LIMINE TO EXCLUDE
              TESTIMONY FROM ANY BANA WITNESS

90777235.3 0052161-02921

C.   **The Subpoena Was Not Untimely.**

BANA's characterization of the Subpoena as belatedly "probing for new information" after the discovery deadline is simply inaccurate. Since the beginning of this case, BANA has cooperated with SPS in defending against Plaintiff's claims. It has agreed to provide information to SPS, without the service of discovery requests. As a result, SPS did not serve BANA with discovery subpoenas or seek to implead it into the case. BANA has known for months that SPS needed testimony on the subjects listed in the Subpoena, and SPS only delayed in serving BANA with a trial subpoena because BANA gave every indication it was not necessary. As discussed in section III.A *supra*, BANA should not be permitted to benefit from its delay tactics..

D.   **SPS Seeks BANA Testimony on More Than the Confidential Settlement Agreement.**

BANA's arguments about the confidentiality of the settlement agreement reached in *Compusano, et al. v. BAC Homes Loan Serving, LP et al.* (the "Settlement Agreement") are moot, as the Court decided at the pretrial conference that Settlement Agreement is inadmissible at trial. Moreover, BANA's arguments on this point are irrelevant because the Subpoena seeks testimony on more than just the Settlement Agreement. (SPS Decl., Ex. 2 (Subpoena at 4).) Therefore, the confidentiality of the Settlement Agreement does not weigh in favor of quashing the Subpoena.

## IV.  CONCLUSION

For the foregoing reasons, BANA's motion should be denied.

DATED:  February 16, 2017.                    STOEL RIVES LLP

*/s/ Amy Edwards*
AMY EDWARDS, OSB No. 012492
CRYSTAL S. CHASE, OSB No. 093104
Telephone:  (503) 224-3380

Attorneys for Defendant Select Portfolio
  Servicing, Inc.

Page 5 -   DEFENDANT SELECT PORTFOLIO SERVICING, INC.'S RESPONSE TO PLAINTIFF'S SUPPLEMENTAL MOTION IN LIMINE TO EXCLUDE TESTIMONY FROM ANY BANA WITNESS

90777235.3 0052161-02921